**INTERSTATE COMMERCE COMMISSION, Plaintiff-Appellee,**

v.

**PENINSULA SHIPPERS ASSOCIATION, INC., Defendant-Appellant.**

**No. 85–3942.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 1986.

Decided May 19, 1986.

Stephen L. Day, I.C.C., Seattle, Wash., for plaintiff-appellee.

John P. World, Seattle, Wash., for defendant-appellant.

Before GOODWIN, HALL and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge:

Peninsula Shippers Association, Inc. ("PSA") appeals from the district court's order permanently enjoining PSA's officers, directors, employees, agents and attorneys from refusing or failing to permit the Interstate Commerce Commission ("ICC") to inspect and copy certain documents. PSA contends that the ICC could not obtain injunctive relief because PSA alleges that it is a nonprofit shippers association. We affirm.

## I

## FACTS

PSA is an Alaska corporation engaged in the business of securing volume discounts for freight shippers in Washington. In July of 1984, the ICC began an investigation to determine whether PSA was subject to ICC jurisdiction. An investigator, designated by the ICC and displaying proper credentials, demanded that PSA permit inspection and copying of certain of its business records to determine whether PSA was in fact a nonprofit association. PSA refused.

In September of 1984, the ICC sued in district court requesting both preliminary and permanent injunctions to restrain PSA from preventing the inspection and copying of the business records requested by the ICC. The ICC alleged that 49 U.S.C. § 11144(b) authorized a summary inspection of PSA's records to determine whether PSA was in fact subject to ICC regulation. PSA answered that it was a nonprofit shippers association and was exempt from ICC jurisdiction.

The ICC subsequently moved for preliminary injunction and PSA moved for summary judgment and dismissal. The district court consolidated the motions and after a hearing ruled that the ICC was entitled to an injunction permitting inspection for the limited purpose of determining whether PSA was subject to ICC jurisdiction. The district court permanently enjoined PSA, its officers, directors, employees and attorneys, from refusing or failing to permit the ICC to inspect and copy (1) PSA's bylaws and all minutes of board meetings; (2) all documents relating to rate schedules or rate lists for the preceding six years; (3) all membership lists and applications for membership, freight loss or damage claim files, and financial accounts and records for the preceding years. PSA appeals.

## II

## ANALYSIS

The ICC derives its authority from Title 49 U.S.C. § 11144(b) which provides, in pertinent part:

(b) The Commission, or an employee designated by the Commission, may on demand and display of proper credentials—

(1) inspect and examine the lands, buildings, and equipment of a carrier, broker, or lessor; and

(2) inspect and copy any record of—

(A) a carrier, broker, lessor, or association;

(B) a person controlling, controlled by, or under common control with a carrier if the Commission considers inspection relevant to that person's relation to, or transaction with, that carrier....

The ICC attempts to use the "summary inspection" authority granted in section 11144(b) to determine whether PSA is subject to the ICC's regulatory power. The courts have ruled that an agency has " 'jurisdiction to determine jurisdiction' by summary procedures." *ICC v. Gould*, 629 F.2d 847, 851 (3rd Cir.1980), *cert. denied*, 449 U.S. 1077, 101 S.Ct. 856, 66 L.Ed.2d 800 (1981). *See also Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1946); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 507–09, 63 S.Ct. 339, 342–43, 87 L.Ed.

424 (1943); *EEOC v. Children's Hospital Medical Center,* 719 F.2d 1426, 1430–31 (9th Cir.1983) (en banc); *FTC v. Texaco, Inc.,* 555 F.2d 862, 879 (D.C.Cir.) (en banc), *cert. denied, sub. nom. Standard Oil Co. of California v. FTC,* 431 U.S. 974, 97 S.Ct. 2939, 53 L.Ed.2d 1072 (1977). PSA's contention that the ICC cannot enforce its request for inspection and copying by obtaining injunctive relief is without merit.

In *Gould,* 629 F.2d at 850–54, the Third Circuit resolved the identical issue presented in this case. There, Gould did business as a sole proprietorship, Brokers for Agricultural Cooperative Associations ("BACA"). The ICC sought an injunction to compel Gould to produce records so as to determine whether Gould and the BACA were subject to its jurisdiction. Gould did not deny he was in possession of transportation-related records, but argued that the ICC could not summarily inspect his records under section 11144(b), because he alleged his business was exempt from ICC regulation. Gould further argued that any inspection of his records could only be made pursuant to a subpoena issued under 49 U.S.C. § 10321(c)(1). The court ruled that the ICC could obtain injunctive relief to summarily inspect Gould's records under section 11144(b):

> In every situation, the issue of the agency's jurisdiction and the answer are the same. As long as the agency arguably has jurisdiction to inspect, questions of jurisdiction—such as whether the business was in fact engaged in interstate commerce, or whether the documents traded were 'securities,' or whether the business has engaged in regulated transportation activities—are to be determined in the first instance by summary inspection procedures and need not be first litigated in court.

629 F.2d at 853 (footnote omitted).

As to Gould's contention that the ICC was required to proceed by way of subpoena under section 10321, the *Gould* court noted that section 10321(a) provides that: "Enumeration of a power of the Commission in this subtitle does not exclude another power the Commission may have in carrying out this subtitle." 49 U.S.C. § 10321(a). The court persuasively concluded that "[t]his disclaimer belies Gould's claim that section 10321 is in any way exclusive." *Gould,* 629 F.2d at 850. The court then determined that the ICC's request for information was "reasonable." *Id.* at 855–56. *See also United States v. Southern Pacific Transportation Co.,* 691 F.2d 883, 885 (9th Cir.1982).

■ Here, PSA does not contend that it does not possess transportation-related documents or that the ICC's request is unreasonable. As in *Gould,* the ICC need not demonstrate that PSA is subject to regulation to obtain injunctive relief.

We are not persuaded by PSA's reliance on dictum in *ICC v. Piggy Back Shippers Association of Florida, Inc.,* 704 F.2d 533, 535 (11th Cir.1983) (per curiam). In *Piggy Back,* the ICC sought an injunction to obtain information from Piggy Back under its administrative subpoena powers of section 10321(c)(1). The ICC did not attempt to obtain the records under its summary inspection powers of section 11144(b), and, therefore, the court did not resolve whether, had the ICC chosen to do so, it could have enforced summary inspection of Piggy Back's records under section 11144(b). The court merely accepted *arguendo* the ICC's rationale for proceeding by way of subpoena. *Id.* Although dictum in *Piggy Back* might be construed to contradict *Gould,* we find *Gould's* extensive examination of controlling authority persuasive, and its resolution proper.

AFFIRMED.